**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SHELLBIE MACSHATE,

Petitioner,

v.

WARDEN BALL,

Respondent.

NO. CV 26-6783-HDV(E)

REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This Report and Recommendation is submitted to the Honorable Hernan D. Vera, United States District Judge, pursuant to 28 U.S.C. section 636 and General Order 05-07 of the United States District Court for the Central District of California.

## PROCEEDINGS

On June 18, 2026, Petitioner, a federal prisoner previously incarcerated at FCI Victorville, filed a “Petition for Writ of Habeas Corpus by a Person in Federal Custody” pursuant to 28 U.S.C. section 2241. Petitioner seeks an order requiring the Federal Bureau of Prisons (“BOP”) to apply First Step Act (“FSA”) earned time credits (“ETCs”) and additional jail credits toward Petitioner’s earlier release (see Petition, pp. 1-2). On August 25, 2026, Respondent filed an “Answer, etc.” Petitioner did not file a Reply within the allotted time.

## BACKGROUND

On August 1, 2025, Petitioner was sentenced in the United States District Court for the Middle District of Tennessee to 18 months of imprisonment and two years of supervised release for violating 21 U.S.C. § 841(a)(1), conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin. See United States v. MacShate, No. 3:22-cr-00336, Docket Nos. 133, 136 (M.D. Tenn.). According to the BOP, "Petitioner's projected release date is October 31, 2026, presuming she earns all remaining available days of Good Conduct Time ('GCT')" (Declaration of Steven Lam, ¶ 4(c)). "The BOP has also determined that the Petitioner is eligible to earn FSA time credits. The BOP has provisionally applied 55 days of ETCs toward early placement on supervised release, which moved the Petitioner's release date to September 6, 2026. These projected dates assume that the Petitioner will earn all remaining available GCT and ETCs" (id., ¶ 4(d)).

## DISCUSSION

"Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam) (citations omitted); see also Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) ("As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241."). The exhaustion requirement "aid[s] judicial review by allowing the appropriate development of a factual record in an expert forum; conserve[s] the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow[s] the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983).

///

///

While petitioners are required, as a prudential matter, to exhaust available administrative remedies before seeking habeas relief under 28 U.S.C. section 2241, exhaustion is not a "jurisdictional prerequisite" under the statute. Ward v. Chavez, 678 F.3d at 1045; Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004); see Castro-Cortez v. I.N.S., 239 F.3d 1037, 1047 (9th Cir. 2001), abrogated on other grounds, Fernandez-Vargas v. Gonzales, 548 U.S. 30 (2006) ("[S]ection [2241] does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus. However, we require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241.") (citations and footnote omitted); accord Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), abrogated on other grounds, Reno v. Koray, 515 U.S. 50 (1995). The BOP has established an administrative remedy process through which inmates may seek review of issues relating to any aspect of their confinement. 28 C.F.R. §§ 542.10(a), (b). Inmates must first attempt an informal resolution of the grievance. 28 C.F.R. § 542.13. If informal resolution is not satisfactory, the inmate may file a formal written Administrative Remedy Request. 28 C.F.R. § 542.14. If the inmate is not satisfied with the Warden's response to this Request, the inmate may appeal to the Regional Director. 28 C.F.R. § 542.15. The final level of review is review by the Office of the General Counsel. Id. In the present action, Petitioner made no effort to exhaust administrative remedies before filing the Petition (Lam Decl., ¶ 11).

Courts have discretion to waive the exhaustion requirement when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d at 1000 (citation and quotations omitted). However, "this discretion is not unfettered." Id. at 998; see also Murillo v. Mathews, 588 F.2d 759, 762 n.8 (9th Cir. 1978) ("Although the application of the rule requiring exhaustion is not jurisdictional, but calls for the sound exercise of judicial discretion, it is not lightly to be disregarded.") (citations, quotations and alterations omitted). A "key consideration" in exercising such

discretion is whether "relaxation of the requirement would encourage the deliberate bypass of the administrative scheme." Laing v. Ashcroft, 370 F.3d at 1000 (citation and quotations omitted).

Petitioner bears the burden to demonstrate that exhaustion would be futile. See Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011) (remanding for dismissal of section 2241 petition for failure to exhaust, where petitioner failed to "demonstrat[e] grounds for excusing the exhaustion requirement"); see Fillingham v. United States, 867 F.3d 531, 535 (5th Cir. 2017), cert. denied, 583 U.S. 1138 (2018) ("While exceptions to the exhaustion requirement do exist, they apply only in 'extraordinary circumstances,' and the burden of proof for demonstrating the futility of administrative review rests with the petitioner.") (citation omitted); accord, Eldridge v. Berkebile, 576 Fed. App'x 746, 747 (10th Cir. 2014); see also Hoslett v. Thomas, 2012 WL 3990446, at *3 (E.D. Cal. Sept. 11, 2012) ("Generally, the burden falls upon the party seeking to bypass exhaustion to show that exhaustion of administrative remedies would be futile.") (citations omitted).

Here, Petitioner has not established any inability to exhaust her administrative remedies nor any interference by Respondent in connection with the exhaustion process. Although Petitioner argues the alleged futility of pursuing administrative remedies (see Petition, p. 2), her argument does not establish any legitimate reason to excuse Petitioner's failure to attempt to exhaust those remedies. Even if the pursuit of administrative remedies ultimately fails to yield relief, it may provide a more complete evidentiary record than presently exists.[1] Moreover, excusal of the exhaustion requirement as to Petitioner may encourage

---

[1] Although the Court need not reach the merits of the Petition, it does appear from the incomplete record presently before the Court that: (1) Petitioner is not entitled to additional FSA ETCs; and (2) Petitioner is not entitled to any additional jail credits. As to (1), it appears that the programming Petitioner allegedly completed was not prescribed by Petitioner's individual risk and needs assessment and did not qualify as approved evidence-based recidivism reduction programs or productive activities. See 18 U.S.C. § 3632 (d)(4)(A); 28 C.F.R. §§ 523.41, 5253.42(b)(3); Answer, Attach. 1. As to (2), it appears that Petitioner

*(footnote cont'd on next page)*

others similarly situated deliberately to bypass the requirement. Courts in the Ninth Circuit, including the Ninth Circuit itself, have required the exhaustion of administrative remedies in circumstances materially indistinguishable from the circumstances here. See Ahmad v. Jacquez, 860 Fed. App'x 459, 462-63 (9th Cir. 2021) (upholding dismissal of petition for failure to exhaust, and rejecting futility argument, where petitioner alleged that BOP's denial of FSA time credits deviated from the BOP's statutory authority); Baldovinos-Molina v. Birkholz, 2023 WL 4373306, at *2-3 (C.D. Cal. May 16, 2023), adopted, 2023 WL 4366309 (C.D. Cal. Jul. 6, 2023) (dismissing petition seeking FSA time credits for failure to exhaust administrative remedies); Parada v. Birkholz, 2023 WL 2666847, at *2 (C.D. Cal. Mar. 28, 2023) ("District courts in this Circuit have dismissed federal habeas actions challenging the FSA credits system when prisoners did not first seek relief through the BOP's administrative grievance process"; rejecting futility argument; collecting cases); Villegas-Escobar v. Derr, 2023 WL 1993936, at *4 (D. Haw. Feb. 14, 2023) (dismissing for failure to exhaust a habeas petition seeking credits under the FSA; "concerns regarding exhaustion are particularly relevant to time credits under the First Step Act").

**RECOMMENDATION**

For all of the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) accepting and adopting this Report and Recommendation; and (2) directing that Judgment be entered denying and dismissing the Petition without prejudice.

DATED: September 21, 2026.

CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

already has received all credits to which she is entitled for time spent in state custody. See Declaration of Emily Craver, ¶¶ 11-13 & Exh. A.

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SHELLBIE MACSHATE,

Petitioner,

v.

WARDEN BALL,

Respondent.

No. CV 26-6783-HDV(E)

ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Petition, all of the records herein and the Report and Recommendation of United States Magistrate Judge. Further, the Court has engaged in a de novo review of those portions of the Report and Recommendation to which any objections have been made. The Court accepts and adopts the Magistrate Judge's Report and Recommendation.

IT IS ORDERED that judgment shall be entered denying and dismissing the Petition without prejudice.

///

///

///

///

IT IS FURTHER ORDERED that the Clerk serve forthwith a copy of this Order and the Judgment of this date on Petitioner and counsel for Respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: ______________________, 2026.

______________________________
HERNAN D. VERA
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHELLBIE MACSHATE,<br>Petitioner,<br>v.<br>WARDEN BALL,<br>Respondent. | No. CV 26-6783-HDV(E)<br><br>JUDGMENT |

IT IS ADJUDGED that the Petition is denied and dismissed without prejudice.

DATED: ________________________, 2026.

______________________________
HERNAN D. VERA
UNITED STATES DISTRICT JUDGE